*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

MARTINA CIARAMITARO, by Next Friend
MARIA CIARAMITARO,

        Plaintiff-Appellant,

v

CARMINA RUGGERO, also known as
CARMELINA RUGGERO, and ARIANA
RUGGERO, by Next Friend CARMINA
RUGGERO, also known as CARMELINA
RUGGERO,

        Defendants-Appellees.

UNPUBLISHED
February 25, 2021

No.   350227
Macomb Circuit Court
LC No.   2018-002503-NO

Before:  JANSEN, P.J., and SERVITTO and RIORDAN, JJ.

SERVITTO, J. (*concurring in part, dissenting in part*)

I agree with the majority's conclusion that the trial court did not err in granting summary disposition in favor of defendants with respect to plaintiff's claim against Ariana. However, because I believe that the trial court also appropriately granted summary disposition in favor of defendants with respect to plaintiff's claims against Carmelina, I respectfully dissent from that portion of the majority's opinion holding otherwise.

Restatement 2d of Torts, § 316 provides:

> A parent is under a duty to exercise reasonable care to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

> (a) knows or has reason to know that he has the ability to control his child, and

> (b) knows or should know of the necessity and opportunity for exercising such control.

-1-

Under the above standard, Carmelina could be held to a duty to exercise control over Ariana to prevent her from conducting herself "as to create an unreasonable risk of bodily harm to" plaintiff if she knew or had reason to know she could control Ariana and knew or had reason to know of the necessity for exercising control over Ariana. Two issues with respect to the above lead me to conclude that the trial court properly granted summary disposition in favor of Carmelina.

First, an *unreasonable* risk of harm is different from simply a risk of harm. "Where an act is one which a reasonable man would recognize as involving a risk of harm to another, the risk is unreasonable and the act is negligent if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it is done." Restatement 2d of Torts § 291. All reasonable adults, and reasonable children of plaintiff and Ariana's ages recognize that a baseball bat is meant to be swung and that a swing trainer is meant to be swung at. These same reasonable persons would also recognize that a swinging bat creates a risk of harm to one standing too close to it. The question for our resolution, then, is whether the risk of harm posed by a swinging baseball bat is unreasonable. I do not believe that it is.

This is not an instance where children of a young age were swinging bats or, as the majority recognized, where children were swinging a bat in a reckless manner. The risk of harm posed by a swinging bat is generally alleviated by standing a clear distance from the swinging bat. Here, plaintiff and Ariana were 9 and 10 years old, respectively, when they were in the front yard paying with the swing trainer. Plaintiff testified that she was either first or second in line to use the swing trainer. She could not recall where she was standing when Ariana swung the bat at the swing trainer and was not actually positive that Ariana was the one swinging the bat when she was injured. Ariana testified that she did not look behind her when she swung the bat, but believed she was able to swing without hitting anyone. Alessio Detasti (who was 11 years old when the incident occurred) testified that there were other kids present before the incident occurred, two of whom were teenagers, and plaintiff was present when the other kids had taken turns on the swing trainer. According to Detasti, before the teenagers and another boy left to go into the backyard, one of them had told the rest of them to stand back from the swing trainer. Detasti testified that he was waiting to take a turn when the incident occurred and, when Ariana went up to swing at the swing trainer, he also told everyone to stand back because he did not want anyone to get hit. Detasti testified that he did not think that plaintiff was in the path of the bat when Ariana swung, but he thought plaintiff moved up a couple of steps closer to Ariana as she swung the bat.

From the above, it was clear that there was a risk in standing too close to a swinging bat and the risk posed was not of such magnitude as to outweigh the particular manner in which it was done. There was, after all, no evidence submitted showing that Ariana swung the bat in any way different from how a bat is typically used. While there was an obvious risk to a swinging bat, the risk would only be heightened if one positioned him or herself in the path of the bat. Thus, the risk posed by Ariana in using a bat on a toy meant to be swung at with a bat was not so unreasonable as to impose a duty upon Carmelina to supervise Ariana's swinging of the bat.

Second, Carmelina testified that she was making food for the minor children that were present at her house, when Ariana, plaintiff, plaintiff's older brother, Alex, and perhaps Detasti went to play in the front yard. The swing trainer was already attached to a basketball pole next to the driveway in the front yard and Ariana testified that she went into the garage to get her bat so she and the others could use the swing trainer. Ariana testified that incident occurred within five

or ten minutes of the kids using the swing trainer. There was no indication that Carmelina knew the kids were using she swing trainer and no indication that she could have exercised control over this situation where the incident happened within minutes and on a toy that Ariana had purportedly used many times without incident.

In addition, I would find no genuine issue of material fact regarding whether Carmelina's alleged negligent supervision caused plaintiff's injuries. A plaintiff in a negligence action must establish that a defendant's negligent conduct was the proximate cause of his or her injury. In order to be a proximate cause, the negligent conduct must have been a cause of the plaintiff's injury (cause-in-fact) and the plaintiff's injury must have been a natural and probable result of the negligent conduct (legal causation). *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 496; 791 NW2d 853 (2010). The cause-in-fact prong generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred, while legal causation relates to the foreseeability of the consequences of the defendant's conduct. *Id*. However, if factual causation cannot be established, legal causation is no longer a relevant issue. *Ray v Swager*, 501 Mich 52, 64; 903 NW2d 366 (2017).

There has been no evidence indicating that but for Carmelina's failure to supervise the children, plaintiff would not have incurred her injury. It is true that Carmelina testified at deposition that if she had been supervising the children in the front yard, she would have instructed plaintiff not to move while Ariana was swinging the baseball bat. However, the evidence demonstrates that plaintiff was twice told by other children to stand back when others were swinging the bat. It is thus speculative, at best, whether Carmelina also telling plaintiff to stand back and stay still would have prevented the injury. Giving instructions can, after all, only do so much. The person being instructed must, on his or her own, comply with the instruction. As stated by our Supreme Court, to adequately establish cause-in-fact, a plaintiff's proof must be more than conjecture:

> [A] basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. [*Skinner v Square D Co*, 445 Mich 153, 164–65; 516 NW2d 475 (1994)]

"A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court" to find for the defendant. *Id*. at 165. The submitted evidence is insufficient to create a question of fact whether Carmelina's actions were the cause in fact of plaintiff's injuries. As such, legal causation is no longer a relevant issue. *Ray*, 501 Mich at 64. I would thus affirm the trial court's decision in its entirety.

/s/ Deborah A. Servitto